**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSE ACOSTA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FAST N ESY II, INC., dba FAST N ESY #21; VINAY VOHRA; and VIKRAM VOHRA,**<br><br>**Defendants.** | **1:16-cv-01150-LJO-SAB**<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. 8)** |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the

nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

Plaintiff Jose Acosta filed this suit on August 5, 2016, seeking redress under the Americans with Disabilities Act of 1990 ("ADA"), the California Unruh Act, and the California Health and Safety Code against Defendants Fast N Esy II, Inc., Vinay Vohra, and Vikram Vohra ("Defendants") for failing to provide full and equal access to public facilities. Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), 12(f), and 12(e) on October 4, 2016. A hearing on the motion was set for November 7, 2016. Plaintiff filed an opposition and an "amended opposition" on October 24, 2016; no reply brief was filed. The matter was taken under submission on the papers, and the November 7, 2016, hearing was vacated. For the reasons that follow, Defendants' motion to dismiss is DENIED.

## III. FACTUAL BACKGROUND

Plaintiff is limited in his ability to walk and must use a wheelchair for mobility. On April 29, 2016, Plaintiff visited Fast N Esy (the "Facility") for a car wash and to obtain refreshments while he waited. During his visit, Plaintiff encountered barriers that interfered with his ability to use and enjoy the Facility's services, privileges, and accommodations. (Doc. 1, ¶ 10.) Plaintiff could not locate any designated accessible parking, and he found it difficult to get out of his vehicle and into his wheelchair. The Facility's store entrance was heavy and difficult to open; the aisles inside the store lacked sufficient wheelchair clearances; and Plaintiff was unable to enter the restroom because the route to it lacked sufficient clearance width for his wheelchair. (Doc. 1, ¶ 10.)

On August 5, 2016, Plaintiff filed suit against Defendants alleging violations of the ADA, the California Unruh Act, and California Health & Safety Code. Plaintiff seeks injunctive relief, statutory minimum damages, and attorney's fees.

## IV. LEGAL STANDARD – MOTION TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the ‘grounds' of his ‘entitlement to relief’ requires more than labels and conclusions.” *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements'. . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint...must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv.*,

*Inc*., 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## V. ANALYSIS

### A. Plaintiff has Standing to Seek Injunctive Relief Under the ADA

Defendants argue Plaintiff's complaint should be dismissed because he cannot establish standing under the ADA. Specifically, Defendants contend Plaintiff does not live in close proximity to Defendants' business, and thus he cannot establish he will return to the business and suffer any real or immediate future harm. Defendants concede they do not know precisely where Plaintiff lives in the Fresno area, but they note Plaintiff has filed 23 ADA lawsuits in this Court against various businesses in the greater Fresno area that are as far apart as 15 miles. In all of these complaints, Plaintiff alleges that he lives near each respective business. Defendants argue Plaintiff cannot live in proximity to *all* of these businesses and thus his pleadings are contradictory and necessarily false:

> Despite the fact that these businesses serve disparate and geographically separate neighborhoods, Plaintiff claims to reside "near" all of these businesses with an intent to further patronize them if only they would repair their ADA accessibility. Although Defendants do not know [Plaintiff's] precise address, they know he does not live near all these facilities; he does not frequent all of them; and he certainly does not intend to return to all of them.

(Doc. 8, 4:8-12.)

Article III standing requires a showing that (1) the plaintiff suffered an injury in fact; (2) the injury is fairly traceable to the defendant's actions; and (3) it is likely that the plaintiff's injury will be redressed by a favorable court ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To pursue injunctive relief under the ADA, a plaintiff must also demonstrate a "real and immediate threat of repeated injury in the future." *Chapman*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (internal quotation marks and citation omitted). One method of establishing the requisite standing includes demonstrating an intent to return to a noncompliant place of accommodation. *Id.* "A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Id.* at 949.

Here, Plaintiff alleges he lives "near" the Facility, that he "enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed." (Doc. 1, ¶¶ 10, 12.) Even assuming Plaintiff lives 15 miles from the Facility, this distance is not so far as to undercut Plaintiff's allegation he lives "near" the Facility nor does this distance render it implausible that Plaintiff would return to the Facility. Defendants' argument in this regard is a challenge to the veracity of Plaintiff's allegations, which are not mere legal conclusions and are entitled to the assumption of truth. *See Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). The complaint sufficiently alleges Plaintiff is deterred from returning to the Facility because of the barriers he encountered, and the distance he *may* live from the Facility is not so far as to render his allegation unreasonable and improbable. Plaintiff has sufficiently alleged standing to seek injunctive relief under the ADA. Defendants' motion to dismiss for lack of standing is DENIED without prejudice to the issue later raised at a post-pleading stage.

**B. The Complaint is Not Impermissibly Vague**

Defendants assert Plaintiff's complaint contains "vague and unsupportable allegations which barely raise [sic] to the level of ADA violations." Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation. 42 U.S.C. § 12182(a). An individual alleging discrimination under Title III must show (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).[1]

[1] A violation of the ADA also constitutes a violation of the Unruh Act. *See Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1135 (E.D. Cal. 2007) ("The Unruh Act was amended in 1992 to include the following language (now codified at Cal. Civ. Code § 51(f)): A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101–336) shall also constitute a violation of this section.").

Defendants contend the barrier Plaintiff alleges with regard to parking is one Plaintiff himself created. According to Defendants, Plaintiff claims he was directed by car wash staff to park his vehicle near the vacuums next to a fence, and the fence obstructed his car door so that it could not open all the way, making it difficult for him to get out of his vehicle and into his wheelchair. Defendants argue the Facility has three vacuum lanes, and by Plaintiff's own statement, he apparently parked too near the fence to open his vehicle door, which is not an ADA violation. Rather, this is an inaccessibility problem Plaintiff himself manufactured. It is unclear whether an ADA-compliant parking spot would have remedied Plaintiff's asserted lack of accessibility to the vacuum lane and whether a complaint ADA vacuum lane is even required.

Plaintiff argues Defendants' characterization of his complaint is inaccurate, and Defendants' argument as to vagueness is simply pretext for questioning the veracity of Plaintiff's allegations which is not proper at the pleading stage. Plaintiff alleged there are no accessible parking spaces whatsoever at the facility and as a result, he was directed to an inaccessible parking location.

Plaintiff alleges he encountered the following barriers:

> a) Plaintiff could not locate any designated accessible parking, and was directed by car wash staff to park his vehicle near the vacuums, next to a fence. The fence obstructed Plaintiff's door so that he could not open it all the way, making it difficult for him to get out of his vehicle and into his wheelchair.
>
> b) The store entrance door was heavy and difficult for Plaintiff to open.
>
> c) The aisles inside the store lacked sufficient wheelchair clearances, and Plaintiff was not able to wheel freely around the store to get to the items he wanted to purchase.
>
> d) Plaintiff needed to use the restroom while at the Facility; however, he was unable to enter the restroom because the route to the restroom lacked sufficient clear width for his wheelchair to fit through.

(Doc. 1, ¶ 10(a)-(d).) Plaintiff asserts he could not locate any designated accessible parking from which it can be inferred there was no accessible parking. Whether or not there is real merit to this allegation is a factual issue that cannot be addressed at the pleading stage. Plaintiff also sufficiently

alleged three other barriers to his full and equal enjoyment of the Facility. Whether these allegations are meritorious and supported by sufficient evidence is not a consideration under Rule 12.

Defendants also appear to argue Plaintiff's allegations are inconsistent. Defendants note that while Plaintiff does not claim he was unable to make his desired purchases, he nonetheless maintains he is deterred from visiting the Facility because he knows the Facility's goods, services, privileges, advantages, and accommodations were unavailable.[2] These allegations are not necessarily contradictory. Although Plaintiff was ultimately able to access the items he desired for purchase, this does not undercut or contradict his allegation that he encountered barriers which deter him from returning to the Facility until the barriers are removed.

Defendants' motion to dismiss the complaint as vague and lacking the requisite specificity pursuant to Federal Rules 12(b)(6) and 12(e) is DENIED.

**C. Defendants' Request to Declare Plaintiff A Vexatious Litigant is DENIED**

Defendants argue Plaintiff should be declared a vexatious litigant: he has filed "over 20 utterly duplicative lawsuits"; and his motive "or better yet that of [his attorney]" is to "shake down businesses for ADA defects which Plaintiff sought out not because he previously patronized . . . [them], but because he was seeking out fictive injuries and discrimination upon which to support his attorneys' extortion." Defendants' note the Moore Law Firm, retained by Plaintiff in this litigation, has been sued by its former clients for illegal and unethical conduct meant to defraud "not only the businesses [against whom its clients file suit] but its own clients by insuring that their injuries are a mere subterfuge for receiving attorney's fees."[3] Defendants seek entry of a pre-filing order against Plaintiff, asserting Plaintiff's suit is frivolous because he never honestly patronized Defendants' business in the past nor does he plan to do so in the future; rather, Plaintiff is "seeking out fictive injuries and discrimination

---

[2] *See generally Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996) ("pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question").

[3] Exhibits A-D contain copies of complaints filed against the Moore Law Firm by former clients represented in ADA lawsuits.

upon which to support his attorneys' extortion." (Doc. 8, 7:16-23.)

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts have inherent power to enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). However, pre-filing orders are an "extreme remedy" that should rarely be used. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Courts frequently consider the following factors: (1) the litigant's history of litigation and whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986). Pre-filing orders cannot be entered without adequate notice and an opportunity to be heard. *De Long*, 912 F.2d at 1147.

Due process is satisfied when notice is "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Although Defendants' request to declare Plaintiff a vexatious litigant was made within the context of a motion to dismiss and not as a separate and distinct motion, it was the subject of briefing, it was noticed for a hearing, and Plaintiff was given an opportunity to respond in writing. This is legally sufficient to satisfy the notice requirement.

The record before the Court, however, does not weigh strongly in favor of entering a pre-filing order against Plaintiff. Although Plaintiff has filed 23 different lawsuits in this district alleging ADA violations against various businesses between October 2015 and November 2016, there is insufficient evidence to conclude Plaintiff's litigation purpose is to improperly harass and coerce monetary

settlements. *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) ("An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit.").

While Defendants characterize Plaintiff's lawsuits as "duplicative," this is true in the sense that each complaint alleges the same ADA and state law discrimination claims against different businesses for barriers encountered at these businesses' facilities. As noted by the Ninth Circuit in *Molski*, however, "[a]ccessibility barriers can be, and often are, similar in different places of accommodation, and there is nothing inherently vexatious about using prior complaints as a template." 500 F.3d at 1061. Numerous formulaic complaints combined with Defendants' suspicions about Plaintiff and his counsel's ulterior motives for filing this and Plaintiff's other lawsuits are not sufficient bases to conclude Plaintiff is a vexatious litigant. To warrant a pre-filing order, there must be evidence that the claims asserted by Plaintiff are contrived, grossly exaggerated, and/or defy common sense. *Id.* This case is dissimilar from *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860 (C.D. Cal. 2004) where the court entered a pre-filing order against a plaintiff who had filed hundreds of ADA lawsuits over four years. Molski frequently alleged incurring the same injuries repeatedly on the same day to a degree that, when examining the entire record of litigation before that court, was implausible and highly exaggerated. Plaintiff's 23 lawsuits here do not exemplify the same obvious and clear pattern of harassment and exaggeration. The barriers were encountered by Plaintiff on different days and at different types of businesses. Though the barriers described were similar, Plaintiff has not alleged implausible injuries like Molski who purportedly injured his shoulders in exactly the same way, from the same type of barrier, at three different businesses on the same day. Plaintiff's litigation history does not contain a sufficiently clear pattern of falsity or implausibility to give rise to the conclusions made in *Molski*.

Also, while Plaintiff's attorneys have been sued by several of their former clients, this is not evidence in itself that *Plaintiff's* complaints are frivolous or constitute harassment. Defendants' request

for a pre-filing order is DENIED without prejudice to the issue later raised at a post-pleading stage.

## VI. CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss the complaint is DENIED; and
2. Defendants shall file an answer to the complaint within 14 days from the date of this order.

IT IS SO ORDERED.

Dated: **November 10, 2016**

**/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE