UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE ACOSTA,** | 1:16-cv-01150-LJO-SAB |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| **FAST N ESY II, INC., dba FAST N ESY #21; VINAY VOHRA; and VIKRAM VOHRA,** | (Doc. 16) |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Jose Acosta filed this suit on August 5, 2016, seeking redress under the Americans with Disabilities Act of 1990 ("ADA"), the California Unruh Act, and the California Health and Safety Code against Defendants Fast N Esy II, Inc., Vinay Vohra, and Vikram Vohra ("Defendants") for failing to provide full and equal access to public facilities. Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on November 28, 2016. A hearing on the motion was set for January 5, 2017. Plaintiff filed an opposition on December 15, 2016; no reply brief was filed. The matter was taken under submission on the papers, and the January 5, 2017, hearing was vacated. For the reasons that follow, Defendants' motion to dismiss is DENIED.

## II. FACTUAL BACKGROUND

Plaintiff is limited in his ability to walk and must use a wheelchair for mobility. On April 29, 2016, Plaintiff visited Fast N Esy (the "Facility") for a car wash and to obtain refreshments while he waited. During his visit, Plaintiff encountered barriers that interfered with his ability to use and enjoy the Facility's services, privileges, and accommodations. (Doc. 1, ¶ 10.) Plaintiff could not locate any

1

designated accessible parking, and he found it difficult to get out of his vehicle and into his wheelchair. The Facility's store entrance was heavy and difficult to open; the aisles inside the store lacked sufficient wheelchair clearances; and Plaintiff was unable to enter the restroom because the route to it lacked sufficient clearance width for his wheelchair. (Doc. 1, ¶ 10.)

On August 5, 2016, Plaintiff filed suit against Defendants alleging violations of the ADA, the California Unruh Act, and California Health & Safety Code. Plaintiff seeks injunctive relief, statutory minimum damages, and attorney's fees.

On November 28, 2016, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) asserting the barriers Plaintiff alleged in his complaint had been remediated, and the ADA claim against Defendants is moot. Defendants attached a letter to their motion from an engineer asserting barriers at Defendants' Facility had been removed; Defendants' Rule 12(b)(1) motion is therefore a factual challenge to the Court's subject matter jurisdiction. Plaintiff filed an opposition to this motion on December 15, 2016.

### III. LEGAL STANDARD – MOTION TO DISMISS

Dismissal is appropriate under Rule 12(b)(1) when a district court lacks subject matter jurisdiction over the claim. When a defendant brings a Rule 12(b)(1) motion, the plaintiff has the burden of establishing subject matter jurisdiction. *See Rattlesnake Coal. v. U.S. E.P.A.*, 509 F.3d 1095, 1102 n. 1 (9th Cir.2007) ("Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."). There are two permissible jurisdictional attacks under Rule 12(b)(1): a facial attack, where the court's inquiry is limited to the allegations in the complaint; or a factual attack, which permits the court to look beyond the complaint at affidavits or other evidence. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003).

If the moving party asserts a facial challenge, the court must assume that the factual allegations asserted in the complaint are true and must construe those allegations in the light most favorable to the plaintiff. *Li v. Chertoff*, 482 F. Supp. 2d 1172, 1175 (S.D. Cal. 2007) (citing *United States v. One 1997*

*Mercedes E420*, 175 F.3d 1129, 1130–31 & n. 1 (9th Cir.1999) and *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003)).  If the moving party asserts a factual attack, the court "is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Id*. (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

In resolving a factual attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citing *Savage*, 343 F.3d at 1039 n. 2). Courts consequently need not presume the truthfulness of the plaintiff's allegations. *Id*. (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "Once the moving party has converted a motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id*. (quoting *Savage*, 343 F.3d at 1039 n. 2).

## IV. ANALYSIS

Defendants assert Plaintiff's ADA claim is moot because the barriers alleged in the complaint have been corrected or remediated.  In support of this argument, Defendants attach to their motion a copy of a letter from David C. Horn, an engineer with the firm of Yamabe & Horn Engineering, Inc., addressed to Defendants' counsel.  The letter states that Mr. Horn was retained to review Defendants' Facility for compliance with the ADA and that Mr. Horn re-visited Defendants' Facility on November 22, 2016, and found that "specific compliance issues were corrected."  (Doc. 16-2, p. 4.)

Defendants argue this evidence establishes all alleged barriers in the complaint have been remediated, rendering moot the only relief available under the ADA[1] and vitiating the Court's jurisdiction over that claim.  As the ADA claim provided the basis for the Court's federal-question jurisdiction and must now be dismissed, Defendants contend that supplemental jurisdiction cannot be

---

[1] The only remedy under Title III of the ADA is equitable relief; damages are not available.  42 U.S.C. § 2000a-3.

3

extended to Plaintiff's remaining state law claims, and the entire action must be dismissed.

Plaintiff asserts that because the question of mootness (whether all alleged barriers have been removed) is inexplicably intertwined with the merits of his ADA claim, it is improper for the Court to make jurisdictional factual findings at this stage, particularly in the absence of any discovery. Plaintiff also argues that several barriers he identified in his complaint require ongoing maintenance or policy modifications to ensure Plaintiff does not encounter the same barriers upon return to Defendants' Facility. For example, Plaintiff encountered moveable items that were placed in routes which impermissibly narrowed the aisles of the Facility. According to Plaintiff, although those moveable items may have been cleared, unless a policy change at the Facility requires that aisles be kept clear of such items, there is no guarantee that these barriers have been permanently remedied.

"Mootness is a jurisdictional issue, and 'federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists.'" *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (quoting *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999)). "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999).

In the ADA context, courts have found claims to be moot when the challenged premises have closed with no plans to reopen or lease to new tenants. *See Kohler v. Southland Foods, Inc.*, 459 F. App'x 617 (9th Cir. 2011) (unpublished) (affirming district court's determination that ADA action was moot when defendant closed the restaurant that was the subject of the ADA action); *Johnson v. Lake Tahoe Partners*, No. 13-cv-2534-KJM-KJN, 2014 WL 2548830, at *3-4 (E.D. Cal. June 5, 2014) (ADA claim against tenant moot where business establishment had been closed). In those cases, there was no dispute that any alleged barriers to the facility were effectively eliminated when the establishment went out of business. In this case, however, the business establishment is not closed, it remains open to the public, and it is not conceded that the alleged barriers under the ADA have been removed. Under these circumstances, the mootness of Plaintiff's ADA claim is a factual issue

implicating both the Court's federal-question jurisdiction, which is predicated on the ADA claim, and the merits of the claim itself.

"[J]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and the substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air for Everyone*, 373 F.3d at 1039 (internal citations and quotations omitted). Jurisdiction and the merits of an action are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (internal citations and quotations omitted).

Pursuant to *Safe Air for Everyone*, courts have denied motions to dismiss in similar procedural and factual contexts to that presented here due to the intertwined nature of the substantive and jurisdictional issues. In *Johnson v. Hernandez*, 69 F. Supp. 3d 1030 (E.D. Cal. 2014), the defendants filed a motion to dismiss the plaintiff's ADA claim as moot because the barriers identified in the complaint had been remedied. Because the jurisdictional facts as to whether the barriers had been removed – and thus no further relief could be granted under the ADA – were intertwined with the merits of Plaintiff's ADA claim, the court found resolution of any factual issues in the context of a Rule 12(b)(1) motion to be "improper." The court noted that, when ruling on a jurisdictional motion involving factual issues which also pertain to the merits, a court is generally required to employ the standard applicable for summary judgment. The court refused to convert the defendants' motion to one for summary judgment reasoning such a motion was premature since the plaintiff had been afforded no opportunity to engage in any discovery to rebut the defendants' evidence that the barriers had been removed. The same reasoning was applied to deny nearly identical motions to dismiss under Rule 12(b)(1) in *Johnson v. Jacobs*, No. 2:14-cv-02323-JAM-EFB, 2015 WL 1607986, at *3 (E.D. Cal. Apr. 9, 2015) and *Johnson v. Conrad*, No. 2:14-cv-00596-MCE, 2014 WL 6670054, at *4 (E.D. Cal. Nov. 24, 2014).

The facts and posture of this case mirror those in *Hernandez, Jacobs*, and *Conrad*. The ADA provides the basis for both subject matter jurisdiction and is one of Plaintiff's substantive claims for relief. Addressing Defendants' jurisdictional attack requires the Court to resolve disputed issues of fact that are pertinent to the merits of the ADA claim. At this early stage of the litigation, when no discovery has been conducted, resolving jurisdictional facts that are intertwined with the substantive merits of Plaintiff's ADA claim is improper. *Thornhill v. Publ'g Co., Inc. v. Gen. Tel. & Elect. Corp.*, 594 F.2d 730 (9th Cir. 1979); *Safe Air for Everyone*, 373 F.3d at 1039. Additionally, the letter from engineer David Horn that Defendants submit as evidence of the ADA barrier remediation lacks detail and is conclusory in nature. While the letter states that the Facility door was adjusted to be less than the maximum allowed force, no specifications are given. Mr. Horn indicates the merchandise aisles were modified to provide more than the minimum required width in the aisles and around the ends, but does not provide the particular measurements. The letter is also of little evidentiary value in that it is not a sworn statement, it lacks a proper foundation for an expert opinion, and constitutes hearsay. This is not sufficient evidence to establish that full remediation of all barriers has occurred. *See Vega v. Ocwen Fin. Corp.*, 950 F. Supp. 2d 1062, 1072 (C.D. Cal. 2013) (considering only admissible evidence to resolve factual challenge to jurisdiction under Rule 12(b)(1)); *Toro v. United* States, 287 F. Supp. 2d 1235, 1239 (D. Haw. 2003) (in factual attack on jurisdiction, court may review evidence such as affidavits and testimony to resolve factual disputes concerning jurisdiction).

Moreover, even if the structural barriers have been remediated at Defendants' Facility, Plaintiff notes an injunction requiring policy changes is necessary to ensure that violations do not reoccur with respect to some of the non-structural barriers, such as boxes and merchandise that were stacked in a manner to block access to the aisles of Defendants' Facility. *See Johnson v. SSR Grp, Inc.*, No. 15-cv-05094-MEJ, 2016 WL 3669994, at *4 (N.D. Cal. July 11, 2016) (denying 12(b)(1) motion to dismiss ADA claim on mootness grounds because voluntary remediation efforts that are not structural in nature could easily reoccur despite the defendant's best intentions). Removing merchandise or boxes from

aisle ways does not establish that such blockages could not reasonably be expected to recur in the future. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 170 (2000) ("A defendant claiming its voluntary compliance moots a case bears a formidable burden."); *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (request for injunctive and declaratory relief not mooted by voluntary cessation of ADA violations by defendants; defendants did not carry their "heavy burden" of establishing behavior could not reasonably be expected to recur of that interim events have eradicated the effects of the alleged violation).

Further, at this stage, the Court declines to convert Defendants' Rule 12(b)(1) motion into one for summary judgment. As the pleadings have not been closed, it would be premature to consider a motion for summary judgment before Plaintiff has an opportunity to conduct any discovery. *Conrad*, 2014 WL 6670054, at *4. Defendants' motion to dismiss under Rule 12(b)(1) is therefore denied without prejudice to refiling at a later stage of the litigation, or it may be presented in the context of a Rule 56 motion for summary judgment at the appropriate time.

As Defendants' motion to dismiss Plaintiff's ADA claim is denied, Defendants' challenge to the Court supplemental jurisdiction over the remaining state-law claims is moot and will not be considered.

## V. CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss the complaint is DENIED without prejudice; and
2. Defendants shall file an answer to the complaint within 14 days from the date of this order.

IT IS SO ORDERED.

Dated: **January 9, 2017**           /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE